UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

RECEIVED

MAR 20 2012

THOMAS G BRUTON
CLERK, U S. DISTRICT COURT

DARRIN W. SHATNER )
    Plaintiff, )
)
)
-V- )
)
ILLINOIS DEPARTMENT OF )
CORRECTIONS DIRECTOR G. TAYLOR ) CASE NO: 12-C-0861
WARDEN M. HARDY, JOHN/JANE DOE )
SECURITY STAFF ASSIGNED TO )
STATEVILLE C.C. F-HOUSE, WEXFORD )
MEDICAL GROUP, DR. P. GHOSH, )
DR. SCHAFER, JOHN/JANE DOE ) The Honorable John W. Darrah
NURSING STAFF ASSIGNED TO ) Presiding
STATEVILLE C.C. )
    Defendants, )
)

### AMENDED COMPLAINT

THIS COMPLAINT IS FILED UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. CODE. THIS COMPLAINT IS BEING BROUGHT AGAINST THE NAMED DEFENDANTS IN THEIR INDIVIDUAL AND OFFICAL CAPACITIES.

1)    Plaintiff:
  A. Darrin W. Shatner.

  B. Aliases: Darrin Crumb, Darrin Newsome, Darrin Hall, Darrin Bently.

  C. Prisoner Identification Number: B42950

  D. Place of present confinement: Menard Correctional Center.

  E. Address: P.O. BOX 1000 Menard, Il. 62259-1000

2)    Defendants:
  A. G. Taylor

     Title: Director of the Illinois Department of Corrections at the time of occurrence.

  Place of Employment: Illinois Department of Corrections at the time of occurrence.

(1)

B. Defendant: M. Hardy
   Title: Warden of Statevile C.C at the time of occurrence.
   Place of Employment: Stateville C.C. I.D.O.C.

C. Defendant John/Jane Doe.
   Title: Correctional Lieutenant at the time of occurrence.
   Place of Employment: Stateville C.C. assigned to F-House in August of 2010.

D. Defendant: John/Jane Doe.
   Title: Correctional Sergeant.
   Place of employment: Stateville C.C. assigned to F-House in August of 2010.

E. Defendant: John/Jane Doe.
   title Chief operating Officer.
   Place of Employment; Wexfor Medical Group.

F. Defendant: Dr. P. Ghosh.  Title: Medical Director S.C.C.
   Place of Employment; Stateville C.C. at the time of occurrence.

G. Defendant: Dr. Schaefer.
   Title: medical Doctor.
   Place of Employment; Stateville C.C. at the time of occurrence.

H. Defendant: John/Jane Doe.
   Title: Nursing Supervisor tateville C.C.
   Place of Employment: Stateville C.C. at the time of occurrence.

I. Defendant: John/Jane Doe.
   Title: Nurse assigned to Stateville C.C. at time of occurrence.


[Plaintiff, Shatner, wishes to advise this Honorable Court that he has no current way at this time to list certain Defendants other than John/Jane Doe, because due to his Segregation status at the time of occurrence he was unable to identify all the staff members involved. the only way this can be accomplished is to have the cell house log books and duty log books produced for the times in question, by the Stateville Correctional Center.
However without a ORDER from this Honorable Court there is no way for Plaintiff to obtain this information.]

(2)

3)  List of all Lawsuits Plaintiff has filed in State and Federal Court in the United States:

A.  Name of Case and Docket Number of Case #1: Shatner -v- Page et al, 00-251-DRH.

B.  Approximate Date of Filing Lawsuit: May 2000.

C.  Plaintiff: Darrin W. Shatner.

D.  Defendants: Warden Page, A/W Oliver, A/W MaCadory, Director Synder, Capt. Pierce, Lt. Westerman, Lt. Gilbert Lt. Gales, C/O Benefield, C/O Dobbs, C/O Stewart, Supt. frentzel.

E.  Lawsuit Filed in the United States District Court for the Southern District of Illinois.

F.  Presiding Judge was the Honorable David Hernden.

G.  Basic Claims: The Opening of Legal Mail, the taking of Religious material without cause.

H.  Disposition of case was judgment for the Plaintiff.

I.  Approximate Date of Disposition: Sometime in 2009.

A.  Name of Case and Docket Number of Case #2: Shatner -v- Walker et al, 09C03812.

B.  Approzimate Date of Filing Lawsuit: August 2009.

C.  Plaintiff: darrin w. Shatner.

D.  Defendants: Dir. Walker, Dep. Dir. Pierce, Warden Shaw, Warden McCann, A/W Reed, A/W Hosey, Medical Director Dr. P. ghosh, Nursing Supervisor Marry Garbs, Jane Doe Nurse, jane Doe Nurse, lab Tech. Kate Doe, Jane Doe Lab Tech.

E.  Lawsuite Filed in the United States District Court of the Northern District of Illinois.

F.  Presiding Judge was the Honorable John W. Darrah.

G.  Basic Claims: Failure to treat Hepatitis-C, Removeal from work assignment because Plaintiff tested positive for Hepatitis-C, The use of old re-used Syringes by Medical Staff.

H.  Disposition of Case was Dismissed Without Prejudice.

I.  Approximate Date of Disposition: Early 2012.

4) Statement of Claims:

### Count #1

Plaintiff, states that Defendant G. Taylor is responsible for the actions of Defendant M. Hardy, that Defendant M. Hardy is responsible for the actions of Defendants Correctional Security staff assigned to F-House (Segregation Unit) assigned during the times in question. During the month of August 2010 Plaintiff was issued a call pass to go to the health Care Unit to be seen in the seizure clinic on August 20, 2010, and was not taken from his cell to that Appointment, Stateville is a Level One secured movement Correctional Center, no Prisoner can move within the institution without a Security escort, the next date Plaintiff was re-scheduled to appear at the seizure clinic was August 25 2010, again Security staff failed to escort Plaintiff to the Health Care Unit, again Plaintiff was re-scheduled to August 27, 2010 and once again Security staff refused to escort Plaintiff to the Health care Clinic. It was not until August 31, 2010 that Plaintiff was finally escorted to the Health Care Unit to be seen in the seizure clinic. This was after Plaintiff had suffered a seizure on August 28, 2010. This was because Plaintiff had not been issued his seizure medication for more than 24 hours. Plaintiff had written to Defendant M. Hardy several times during the month of August to advise him of his impending health crisis with no response from Defendant M. Hardy. Plaintiff even wrote Defendant M. Hardy claiming that the refusal of his security staff to escort him to the Health Care unit was in retaliation for pending litigation against the Illinois Department of Corrections. Defendants showed a willing and malice intent of deliberate indifference to the health and safety of Plaintiff, those actions caused Plaintiff to suffer a seizure needlessly, causing needless pain and suffering.

### Count #2

Plaintiff states that Defendant G. Taylor is responsible for the actions of Defendant M. Hardy, that Defendant M. Hardy is responsible for the actions of Defendants nursing staff,

(4)

assigned to issue medication to prisoners in F-House during the months of August through October 2010. Plaintiff was on the medication klonopin for a seizure disorder that he has had since early childhood, this medication is vital to Plaintiff being able to function normally and seizure free. It has been clinically shown to have severe side effects if stopped (cold turkey) in some cases if a dose is missed. This is what happen to the Plaintiff, he suffered a seizure bringing great pain because of continued missed medication in August of 2010. Medical Nursing staff showed a complete disregard for Plaintiff's health. Showing deliberate indifference for the suffering their actions were causing the Plaintiff.

### Count #3

Plaintiff, states that Defendant G. Taylor is responsible for the actions of Defendant M. Hardy, Defendant Wexford Medical Group is responsible for Medical Director Dr. P. Ghosh. Plaintiff wrote both defendant M. Hardy, and Defendant Dr. P. Ghosh , advising them of the missed seizure clinic appointments and the nursing staff not delivering his medication at times. Defendants did not respond to Plaintiff's pleas for help in this matter. They showed a complete and total diliberate indifference for Plaintiff's health and safety, there by causing him to suffer a painful seizure due to their failure to properly supervise their staff responsible for the issuing of medication.

### Count #4

Plaintiff states that Defendant G. Taylor as, director of the Illinois Department of Corrections is responsible for all the Department employees and their actions or in-actions. Defendant Wexford Medical Group is responsible for the actions or in-actions of the employees that it hires or contracts out to the Illinois Department of Corrections. Defendant M. Hardy is responsible for the actions or in-actions of Medical Director Dr. P. Ghosh. Defendant Dr. P. Ghosh is responsible for the actions or in-actions of Dr. Schaefer. On August 31, 2010 Plaintiff was finally seen in the seizure clinic by a Dr. New to Stateville C.C. who worked at Pontiac C.C. the Plaintiff

has found out. [Plaintiff wishes this Honorable Court to note that Defendant M. Hardy, was a Correctional Officer normally assigned to Plaintiff's Gallery when he was in Pontiac C.C., there is a lot of bad blood between Plaintiff and Defendant for the abuse Plaintiff suffered at the hands of Defendant M. Hardy and this is why the Plaintiff believes the actions or in-actions of the staff at Stateville C.C. took place.] On August 31, 2010 Plaintiff was seen by Dr. Schaefer, Plaintiff at that time informed Dr. Schaefer that he had a seizure on August 28, 2010. Dr. Schaefer stated something to the effect fine I will just change your medication. Plaintiff stated that he did not want another medication that the current one (Klonopin) worked just fine, that the reason he had the seizure was because he had missed some of his medication due to the nursing staff not bringing it to him. At this point Dr. Schaefer's whole attitude changed to a very hostile one. He stated he was going to remove me from my medication with nothing to replace it, and that if something happen to Plaintiff at least he would not have the nurses to blame. Plaintiff and Dr. Schaefer began to argue Plaintiff accused Dr. Schaefer of trying to kill him, and that he believed he was acting at the behest of Dr. P. Ghosh whom the Plaintiff had a pending lawsuit against they argued for several more minutes. After which Plaintiff was taken out of the treatment room and as he was leaving Dr. Schaefer stated again he was going to discontinue Plaintiff's seizure medication. Although Plaintiff continued to receive his medication till he was transfered on October 10, 2010. when he arrived at the Menard Correctional Center he was informed that his medication had in fact been discontinued by Dr. Schaefer and that he would have to be seen by Menard C.C. Medical Staff before it could be started again, due to the extreme shortage of staff at Menard c.c. it took about 30 days before Plaintiff was placed back on his seizure medication, during which time he had eight seizures, each one causing great pain, the last one causing what is to this day a severe debilitating back injury that causes cronic daily severe pain. Had it not been for the deliberate malice actions of Dr. Schaefer, Plaintiff would not have had to suffer such pain and would not be facing the possibility of a life

(6)

long debilitating back injury. Had it not been for the deliberate indifference shown by Defendant Dr. P. Ghosh, to the actions of his medical Staff Plaintiff would not have suffered all that followed those unlawful actions.

### Count #5

Plaintiff, states that Defendant G. Taylor is responsible for the actions of Defendant M. Hardy. That Defendant M. Hardy conspired with Stateville C.C. Medical Staff to transfer Plaintiff to another prison. Plaintiff contends that this transfer was done in such a manner that with the stoppage of his medication, his life was put at great risk for severe injury or even death. Plaintiff contends that this was in direct retaliation for his statements both verbal and in writing that he believed that he was being denied medical treatment because of his current lawsuit against Defendant P. Ghosh and other I.D.O.C. Staff. It is well known within the I.D.O.C. that when a Prisoner is transferred, it can take several weeks for the Medical Staff in the new Prison to fully review a Prisoner's history and medical chart, so by Dr. Schaefer's actions of stopping Plaintiff's medication a strong probability of causing severe bodily harm or even death. Plaintiff contends that Defendant M. Hardy conspired to transfer Plaintiff under the guise of it coming from the medical department in a effort to shield himself from his unlawful actions of using his position as Warden of Stateville C.C. to retaliate against Plaintiff.

5) RELIEF:

Plaintiff is seeking damages from all Defendants in their individual capacity. Plaintiff seeks, Compensatory, Nominal as well as Punitive damages from all Defendants. Plaintiff also seeks Injuctive and Declaratory relief against all Defendants in their official capacity.

6) Plaintiff demands that the case be tried by a jury.

CERTIFICATION

By signing this Complaint, I certify
That the facts stated in this Complaint
are true to the best of my knowledge,
information and belief. I understand
that if this certification is not correct,
I may be subject to sanctions by the
Court.


Signed this 14th. Day of March, 2012.

_Darrin Shatner, B-42950_

Darrin W. Shatner, Plaintiff
Prison I.D. No. B42950
P.O. BOX 1000
Menard, Illinois 62259-1000

IN THE
United States District Court
Northern District of Illinois

Shatner
<u>      Plaintiff,</u>     )
                              )
                              )  Case No. 12 C 0861
      Vs.             )
                              )  Judge Darrah
Taylor             )
<u>      Defendant</u>

## NOTICE OF FILING/CERTIFICATE OF SERVICE

TO: Clerk of Court
U.S. District
219 S. Dearborn St.
Chicago, IL 60604

TO: _____

TO: _____

TO: _____

PLEASE TAKE NOTICE that on 3-14, 2012, I have placed the documents listed below in the institutional mail at Menard Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service:
Amended Complaint, Motion Extension, Affidavit
1. Original plus 2 copies of each. For a File Stamp Return.

DATED: 3-14-2012

/s/ Darrin Shatner
Name: Darrin Shatner
IDOC#: B-42750
Address: Box 1000
Menard, IL
62259

Subscribed and sworn to before me on this 14 day of March, 2012.

/s/ Jodi A. Suhre
Notary Public

**OFFICIAL SEAL**
**JODI A. SUHRE**
Notary Public, State of Illinois
My Commission Expires 04-06-2015

Feb 21, 2012   0:43 PM