Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0861 | **DATE** | 6/28/12 |
| **CASE TITLE** | Darrin W. Shatner (B-42950) v. Taylor, et al. | | |

## DOCKET ENTRY TEXT

Plaintiff has paid the filing fee. Plaintiff's motion to reconsider in forma pauperis [14] is denied as moot. Plaintiff's amended complaint [8] is accepted. The Clerk shall: (1) issue summonses for service of the amended complaint [8] on Warden Hardy, Dr. P. Ghosh, and Dr. Schaefer; (2) attach a Magistrate Judge Consent Form to the summonses for Defendants; and (3) dismiss Defendants IDOC Director G. Taylor and Wexford Medical Group. Plaintiff's request for the appointment of counsel [6] is denied without prejudice. Plaintiff's motion for an order allowing him access to the law library [13] and motion for temporary restraining order for access to the library and the return of his typewriter [15] are denied; however, the Court requests that correctional officials grant Plaintiff reasonable access to the prison's law library. The clerk is directed to mail a copy of this order to Warden Michael Atchison of the Menard Correctional Center.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Darrin W. Shatner, a prisoner at Menard Correctional Center, brings this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff was previously ordered to pay the required filing fee and submit an amended complaint. Plaintiff has paid the filing and submitted an amended complaint.

Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of the amended complaint.

Plaintiff alleges that in August 2010, while he was housed at the Stateville Correctional Center, correctional staff failed to take Plaintiff to scheduled visits at the seizure clinic. During this time, Plaintiff suffered from a seizure. Plaintiff wrote to Warden Hardy several times about his need to be taken to the seizure clinic to no avail. In addition, from August 2010 through October 2010, unknown nursing staff failed to provide Plaintiff his seizure medication. Plaintiff informed both Warden Hardy and Doctor P. Ghosh about not receiving his medication to no avail.

On August 31, 2010, Plaintiff was seen by Dr. Schaefer at the seizure clinic. Plaintiff informed Dr. Schaefer that he was not receiving his medication and Dr. Schaefer told Plaintiff that he would change his medication. Plaintiff clarified that he was not seeking a modification in his medicine, just that he wanted to receive the medication. Doctor Schaefer became hostile toward Plaintiff. When Plaintiff was transferred to another prison in October 2010, he learned that Dr. Schaefer discontinued his seizure medication, causing a month delay in the receipt of his medication at the new prison. Plaintiff alleges that Dr. Schaefer discontinued the medication in retaliation of a lawsuit Plaintiff had filed against Dr. Ghosh and other Illinois Department of Corrections staff.

Plaintiff names Illinois Department of Corrections Director G. Taylor, Warden Hardy, Dr. Ghosh, Dr. Schaefer and unknown nurses and correctional staff as Defendants.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594; *see also Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (a supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in

# STATEMENT

the constitutional deprivation). Plaintiff's allegations against Director Taylor and Wexford Medical Group are based on a theory of respondeat superior; accordingly, Plaintiff has not stated a claim against Director Taylor or Wexford Medical Group. *See Perkins*, 312 F.3d at 875. Thus, Director Taylor and Wexford Medical Group are dismissed as Defendants in this action. Plaintiff may proceed with his claim against the remaining named Defendants. Plaintiff should attempt to learn the names of the unknown Defendants so that he may amend his complaint naming those individuals. Service cannot be effected on the unknown Defendants.

The United States Marshals Service is appointed to serve Defendants Warden Hardy, Dr. P. Ghosh, and Dr. Schaefer. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former Illinois Department of Corrections employee who can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff also moves for the appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (*citing* 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (*quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering these factors, the Court concludes that appointment of counsel is not warranted. Plaintiff has articulated a colorable claim. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's request for appointment of counsel is denied without prejudice.

Lastly, Plaintiff seeks a court order/temporary restraining order to allow him access to the law library at the Menard Correctional Center. he also seeks the return of a typewriter that was confiscated from his cell. Inmates' right of meaningful access to the courts does not encompass an unfettered right of access to prison law libraries. *See, e.g., Smith v. Shawnee Library System*, 60 F.3d 317, 323 (7th Cir. 1995). That right is limited to access to a law library sufficient to enable a petitioner to research the law to determine what facts are necessary to state a cause of action, to perform basic research, to formulate legal theories, and to get through initial stages of lawsuit. *Id.* at 322; *see also Brooks v. Buscher*, 62 F.3d 176 (7th Cir. 1995). The Court is reluctant to interfere with the day-to-day operation of the jail and the manner in which law library requests are managed. Furthermore, because Plaintiff is *pro se* and incarcerated, the court will not hold his briefs and motions to the standards required of an attorney. Accordingly, his motion for court-ordered access to the law library is denied. Similarly, the Court is reluctant to interfere with the confiscation of the typewriter. Plaintiff should proceed with the grievance process at the prison as to the confiscation of the typewriter and he may handwrite his pleadings until that issue is resolved.

The Court nevertheless certifies that the above-captioned action is pending and requests that correctional officials grant Plaintiff reasonable access to the prison's law library during the pendency of this case. Correctional officials may determine the manner that best accommodates Plaintiff's needs, balanced by penological considerations of safety, security, and orderly administration.